BILLY RAY SWEAT, SR. v. MARY ANN BEESON SWEAT

No. 7621DC824

(Filed 4 May 1977)

**Divorce and Alimony § 18.9— alimony pendente lite — opportunity to show living expenses**

> The trial court properly denied defendant's motion to set aside an alimony *pendente lite* order on the ground that he was not given the opportunity to present evidence of his living expenses where the court found that defendant was present in court with his attorney at the alimony *pendente lite* hearing and could have presented evidence of his

living expenses, and that the court considered living expenses in enter-
ing the order although no evidence was presented with respect thereto.

APPEAL by plaintiff from *Yeager, Judge.* Judgment entered
29 July 1976 in District Court, FORSYTH County. Heard in the
Court of Appeals 17 March 1977.

Plaintiff filed this divorce proceeding seeking a divorce
from defendant on the grounds of one year's separation. In her
answer, defendant raised defenses and asked that plaintiff be
denied a divorce and that she be granted alimony pendenté lite,
permanent alimony, and attorney's fees.

On 9 March 1976, a hearing was held on defendant's re-
quest for alimony pendente lite. An order was entered on 17
March which directed plaintiff to pay defendant $50 per week
as alimony pendente lite. On 26 March, plaintiff moved to set
aside the order of 17 March and to present additional testimony
as to his living expenses. Defendant moved to hold plaintiff in
contempt for his failure to make alimony payments pursuant
to the 17 March order. Both parties' motions were heard to-
gether, and on 29 July 1976, the trial judge denied plaintiff's
motion to set aside the previous order and held plaintiff in con-
tempt. Plaintiff appealed from the order of 29 July.

Other relevant facts are set out in the opinion below.

*H. Glenn Pettyjohn for plaintiff appellant.*

*Wilson and Morrow, by Harold R. Wilson, for defendant*
*appellee.*

MORRIS, Judge.

In his sole assignment of error, plaintiff contends that the
trial judge erred in entering the order of 17 March on the
grounds that ". . . plaintiff had no opportunity to present evi-
dence of his expenses, debts and other support obligations, and
that the court's order required the plaintiff to pay to the de-
fendant alimony grossly in excess of the defendant's expenses."
Thus, plaintiff's only assignment relates to the order of 17
March although this appeal is from the 29 July order.

Although the order about which plaintiff appellant com-
plains was entered on 17 March 1976, the record indicates that
the hearing was held on 9 March 1976, and only the testimony

of defendant appellee is included in the record. The order of the court, however, recapitulated some of the testimony of the plaintiff given at the hearing. The court found, from the evidence presented, that plaintiff was and had been employed as a driver for Anchor Motor Freight, Inc.; that during the year 1975 his earnings were in excess of $14,000; that for the week preceding the hearing he had an income in excess of $460. No exception was taken to those findings. The court further found that plaintiff did not present any evidence concerning his living expenses, but despite the lack of evidence, the court had taken into consideration the fact that plaintiff did have living expenses. Plaintiff, on this appeal, has excepted to that finding. In his motion to set aside the judgment, plaintiff noted that at the hearing, before presenting evidence of living expenses, he argued to the court that the defendant was not a dependent spouse, but the court overruled the argument and entered an order requiring plaintiff to pay defendant $50 per week alimony pendente lite. He further noted that his counsel had no time within which to present the necessary evidence because of the necessity of his appearing in Superior Court. However, the record does not disclose any request for a continuance nor any exception to the entry of the order.

The order entered upon the motion to set aside contains the following:

"THIS CAUSE coming on to be heard and being heard before the undersigned, Judge Presiding over the District Court Division of the General Court of Justice of Forsyth County, North Carolina, at 2:00 p.m., on the 27th day of July, 1976, upon motion of the defendant for the plaintiff to appear and show cause as to why he should not be punished as for contempt of court and upon motion of the plaintiff that the order entered in this cause on March 17, 1976, be set aside and that he be able to present additional evidence and testimony as to his expenses;

And it appearing to the court and the court finds that this cause was continued from July 8, 1976, at 2:00 p.m., until Tuesday, July 27, 1976, at 2:00 p.m., and that said plaintiff and his counsel had notice of said hearing;

And it further appearing to the court and the court finds that the defendant and her attorney, Harold R. Wilson, were present in court upon the calling of this case for the

purpose of hearing said motions and that neither the plaintiff nor his attorney was present in court and that no one had informed the court as to why they were not present for the hearing of said motions;

And it further appearing to the court and the court finds that on the defendant's original motion for alimony pendente lite the plaintiff was present in court with his counsel and the defendant was present in court with her counsel and a full hearing was conducted on said motion for alimony pendente lite and that the plaintiff and defendant both had ample opportunity to produce and present evidence they deemed necessary at said hearing;"

No exception was taken to these findings. Plaintiff did except to the finding that the court, in entering the 17 March order, considered living expenses although no evidence was presented with respect thereto.

It seems abundantly clear that plaintiff was given every opportunity to present any and all evidence he had with respect to his living expenses. He comes too late at this point to complain about the lack of such evidence. Perhaps at the trial to determine permanent alimony he will not be so remiss.

Affirmed.

Judges VAUGHN and MARTIN concur.